KIM E. RICHMAN
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, New York  10001
Telephone:      212-643-0500
Facsimile:      212-253-4272
Email:           krichman@reeserichman.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MALCOLM SIMMONS,<br><br>                              Plaintiff,<br><br>         v.<br><br>THE CITY OF NEW YORK, P.O. OLDSON AJESULAS (Shield No. 13641), DET. DANIELLE OROURKE (Shield No. 07054), and P.O.s JOHN/JANE DOE #1-5 (said names being fictitious, as the true names are presently unknown), individually and in their official capacities,<br><br>                              Defendants. | Case No. 13-CV-0973<br><br>**FIRST AMENDED COMPLAINT**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff Malcolm Simmons ("Plaintiff)", by and through his undersigned attorney Kim E. Richman, complains of the above-referenced defendants, based upon information and belief, respectfully submits this First Amended Complaint

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, for the wrongful acts of defendants The City of New York, P.O. Oldson Ajesulas (Shield No. 13641), Det. Danielle Orourke (Shield No. 07054), and P.O.s John/Jane Doe #1-5 (said names being fictitious, as the true names are presently unknown) (collectively, "Defendants"), all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights secured by federal and New York state Constitutional and statutory law.

## JURISDICTION

2.     This action seeks redress for violation of Plaintiff's Constitutional and civil rights, pursuant to, *inter alia*, 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  Plaintiff invokes this Court's jurisdiction pursuant to these Constitutional and statutory provisions and pursuant to 28 U.S.C. §§ 1331, 1343.

3.     Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims that derive from the same nucleus of operative facts that gives rise to the federal claims, pursuant to 28 U.S.C. § 1367.

## VENUE

4.     Venue is properly laid in this District under 28 U.S.C. § 1391(b) because Plaintiff's claims arose in this District.

## PARTIES

5.      Plaintiff Malcolm Simmons is and was at all relevant times a resident of Queens County, New York.

6.      Defendant the City of New York ("NYC") is and was at all relevant times a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department ("NYPD"), which employs the other named defendants.

7.      P.O. OLDSON AJESULAS (Shield No. 13641), DET. DANIELLE OROURKE (Shield No. 07054), and P.O.s JOHN/JANE DOE #1-5 (said names being fictitious, as the true names are presently unknown) at all relevant times, were and are police officers employed by the NYPD, acting under color of state law.

8.      At all relevant time and in all of their actions described herein, Defendants were acting (i) under color of the statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC; (ii) pursuant to their authority as employees, servants, and agents of the NYPD; (iii) within the scope of employment; and (iv) incidental to their otherwise lawful duties and functions as employees, servants, agents, and police officers.

9.       At all relevant times, Defendant NYC was responsible for the hiring, training, supervision, discipline, retention, and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

10.     This action stems from Plaintiff's unlawful detention, search, arrest, imprisonment, and prosecution on two separate occasions, and the unreasonable and excessive force used in connection therewith.

**Incident #1**

11.     On or about November 18, 2011, Plaintiff Mr. Simmons drove his sister's car to her apartment in the New York City Housing Authority's South Jamaica Houses in Queens, New York.  On arrival, Plaintiff Mr. Simmons returned both the car and the keys to his sister.  After returning the keys, he left his sister's apartment.

12.     As Plaintiff was walking from his sister's apartment to his residence nearby, an NYPD van operated by Defendant Officers, including P.O. Oldson Ajesulas, began driving beside him.

13.     A Defendant police officer emerged from the van and began following Plaintiff Mr. Simmons on foot.  The van continued to drive alongside Plaintiff.

14.     The Defendant police officers within the van then pointed a flashlight in Plaintiff's face and asked him where he was going.  Plaintiff did not respond.

15.     The Defendant police officers within the van parked the van and then stopped Plaintiff and searched him.  Defendant P.O. Oldson Ajesulas asked Plaintiff where he was coming from and where he was going, and coercively directed him to empty his pockets.

16.     Plaintiff was carrying identification, but was at no time carrying any illegal items and none were recovered from him.  Furthermore, Plaintiff was at all times lawfully present, had committed no crime, nor was there any reasonable suspicion or probable cause to believe that he had been engaged in any unlawful activity.

17.     Despite having no probable cause or excuse to do so, Defendant P.O. Oldson Ajesulas unlawfully attempted to handcuff Plaintiff.  In so doing, Defendant P.O. Oldson Ajesulas put Plaintiff in a headlock and twisted Plaintiff's arm behind his back.

18.     After unlawfully taking Plaintiff into custody by use of unreasonable and excessive force, the Defendant police officers transported him to one of Defendant City's law enforcement facilities for arrest processing on baseless charges of disorderly conduct and resisting arrest.

19.     As a result of his unlawful arrest by Defendants, Plaintiff was caused to spend the approximately eighteen (18) hours in custody.

20.     Plaintiff suffered from significantly swollen wrists due to Defendants' application of handcuffs in an unreasonably tight and excessively forceful manner.

21.     On November 19, 2011 Plaintiff was arraigned and all charges against him were adjourned in contemplation of dismissal and Plaintiff was thereafter released.

**Incident #2**

22.     At some time on or before April 12, 2012, Defendant City, through its NYPD, contacted Plaintiff Mr. Simmons' mother.   The NYPD informed Plaintiff's mother that an unidentified person had reported Plaintiff as a witness to a crime.

23.     After learning that the NYPD was looking for him, Plaintiff went to a police precinct, accompanied by his infant son.   At the precinct, Defendant Det. Danielle Orourke questioned Plaintiff and informing him that he was under arrest in connection with an incident that purportedly occurred on March 25, 2012.  Plaintiff was forced to contact a relative to retrieve and care for his infant son.

24.     The Defendant Det. Danielle Orourke further informed Plaintiff that a purported complaining witness had allegedly identified him in a photo array.

25.     During Plaintiff's prosecution the alleged complaining witness was never produced, and has yet to be produced.

26.     Despite Plaintiff's provision of an alibi as to the purported March 25, 2012, incident, the Defendant Det. Danielle Orourke unlawfully held Plaintiff in custody for an additional five to six hours before issuing a desk appearance ticket ("DAT") compelling him to respond to the baseless charges against him.

27.     From June 2012 to November 2012, adjudication of Plaintiff's criminal charges was delayed due to the supposed unavailability of the purported complaining witness.

28.     During the pendency of this criminal matter, Plaintiff lost a viable and concrete opportunity for a civil service appointment as a direct result of the baseless criminal proceedings.

29.     Plaintiff was further forced to incur significant legal fees in defending himself against the baseless charges, and suffered significant stress and marital strain in connection therewith.

30.     The criminal court ultimately dismissed all charges against Mr. Simmons on the application of the King's Court District Attorney's office, and the matter was terminated in Plaintiff's favor.

31.     As a result of his unlawful detention, arrest and imprisonment by the Defendants in connection with the aforementioned incidents, Plaintiff Simmons was detained for a total of approximately two days.  Plaintiff, despite having no prior criminal record, further faced serious criminal charges carrying significant potential prison sentences and was required to expend significant time and expense in defending against the baseless charges over the course of approximately seven months following his arrest.

32.     As a result of Defendants' violations of his civil rights, Plaintiff Simmons was subjected to the humiliation of being arrested, searched, subjected to excessive and unreasonable force resulting in physical injury, in full public view in front of his community and/or family, and

the stigma of being prosecuted for several crimes, resulting in damage to his esteem and reputation within the community.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF:
### DEPRIVATION OF FEDERAL CIVIL RIGHTS

33.     Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

34.     Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

35.     All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

36.     The individual Defendants carried out the acts complained of in their capacities as police officers, (i) with the entire actual and/or apparent authority attendant thereto, and (ii) pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of the NYPD.

37.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of NYC, but that is forbidden by the Constitution of the United States.

38.     By the actions described herein, Defendants deprived Plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as guaranteed by 42 U.S.C. § 1983, for which Defendants are individually liable.

**SECOND CLAIM FOR RELIEF:**
**FALSE ARREST UNDER 42 U.S.C. § 1983—TWO COUNTS**

39.     Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

40.     As described herein, Defendants subjected Plaintiff Mr. Simmons to illegal, improper, and false arrests on two occasions, unlawfully took him into custody and caused him to be falsely imprisoned, detained, confined, incarcerated, and prosecuted in criminal proceedings, all without any probable cause, privilege, or consent.

41.     As a result of the foregoing, Plaintiff Mr. Simmons' liberty was restricted for approximately twenty-two (22) hours, and he was put in fear for his safety and subjected to handcuffing and other physical restraints, all without probable cause.

42.     As a result of Defendants' unlawful arrest and other unlawful acts, Mr. Simmons' was subjected to humiliation, ridicule, and disgrace before his neighbors and peers, and was discredited in the minds of many members of the community

**THIRD CLAIM FOR RELIEF:**
**MALICIOUS PROSECUTION**

43.     Plaintiff repeats each and every allegation contained in paragraphs 1-10 and 22-42 above and incorporates such allegations by reference as if fully stated herein.

44.     Defendants caused legal process to be issued against Plaintiff without probable cause or reason to believe that the criminal charges against him could succeed, with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges for several months and to suffer a significant deprivation of liberty in connection therewith.

45.     The criminal charges against Plaintiff were terminated in his favor.

46.     Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

47.     Defendants' unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under the Constitution, for which Defendants are individually liable

48.     As a result of Defendants malicious prosecution and other unlawful acts, Mr. Simmons' was subjected to humiliation, ridicule, and disgrace before his neighbors and peers. Further, as a result of his false arrest, Plaintiff was discredited in the minds of many members of the community.

## FOURTH CLAIM FOR RELIEF:
## UNLAWFUL DETENTION UNDER 42 U.S.C. § 1983

49.     Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

50.     As described above under "Incident #1," on or about November 18, 2011, Defendants stopped and frisked Plaintiff without reasonable suspicion, supported by articulable facts, of criminal activity by Plaintiff or of Plaintiff's involvement in criminal activity.

51.     Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

52.     Defendants' unlawful stopping and searching of Plaintiff without reasonable suspicion, as described herein, violated, *inter alia*, Plaintiff's Fourth Amendment rights, for which Defendants are individually liable.

**FIFTH CLAIM FOR RELIEF:**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

53.     Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

54.     Defendants falsely arrested and/or maliciously prosecuted Mr. Simmons, despite a complete lack of cause against him, notwithstanding their knowledge that their actions would jeopardize Mr. Simmons' liberty, well-being, safety, and Constitutional rights.

55.     The individual Defendants carried out the acts complained of in their capacities as police officers and officials, (i) with the entire actual and/or apparent authority attendant thereto, and (ii) pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of the NYPD.

56.     The customs, policies, usages, practices, procedures and rules of NYC and the NYPD:

        a.      included, but were not limited to, unlawful stop and frisk practices, unlawful arrests, use of unreasonable and excessive force, and initiating and continuing criminal proceedings without evidence of criminal activity, all without reasonable suspicion, probable cause or other excuse or privilege;

        b.      constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff Mr. Simmons;

        c.      directly and proximately caused the Constitutional violations suffered by Plaintiff Mr. Simmons and alleged herein; and

        d.      were the moving force behind the Constitutional violation suffered by Mr. Simmons, as alleged herein.

57.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's Constitutional rights.

58.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Mr. Simmons' constitutional rights.

59.     In violation of, *inter alia*, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983 and the Constitution and laws of the State of New York, defendant NYC, as municipal policymaker in the training and supervision of the Defendants P.O. Oldson Ajesulas (Shield No. 13641), Det. Danielle Orourke (Shield No. 07054), and P.O.s John/Jane Doe #1-5 (said names being fictitious, as the true names are presently unknown), has pursued a policy and custom of deliberate indifference to the rights of persons in its domain who suffer violation of their rights to (i) freedom from the use of excessive and unreasonable force (ii) freedom from deprivation of liberty without due process of law (iii) freedom from detainment not based on reasonable suspicion.

60.     All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    a.     Not to be deprived of liberty without due process of law;

    b.     To be free from seizure and arrest not based upon probable cause;

    c.     To be free from unlawful imprisonment;

    d.     To be free from infliction of emotional distress;

    e.     To be free from excessive and unreasonable force;

    f.     Not to have cruel and unusual punishment imposed upon him; and

    g.     To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

A.      Special and compensatory damages in the amount to be determined at trial.

B.      Punitive damages in an amount to be determined at trial.

C.      Reasonable attorney's fees and costs; and

D.      Such other and further relief as this Court seems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on each and every one of his claims as pled herein.


DATED:      New York, New York          Respectfully submitted,
            January 8, 2014


                                         _____/s/_____
                                         Kim E. Richman
                                         **REESE RICHMAN LLP**
                                         875 Avenue of the Americas, 18th Floor
                                         New York, New York  10001
                                         Telephone:     (212) 643-0500
                                         Facsimile:     (212) 253-4272

                                         *Attorneys for Plaintiff*